UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE JONES,<br>　　　　Petitioner,<br>　v.<br>CARLOS BOLANOS,<br>　　　　Respondent. | Case No. 18-cv-06231-RS<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner seeks relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is premature: petitioner was convicted in October of this year, but he has not yet been sentenced, nor has he exhausted his claims. Accordingly, the petition is DISMISSED without prejudice.

## BACKGROUND

According to the petition, in October 2018 petitioner was convicted in the San Mateo County Superior Court of murder and other crimes, but has not yet been sentenced. (Pet., Dkt. No. 5 at 1-2; Dkt. No. 1 at 1.) Nor has he exhausted his claims in state court. (Dkt. No. 5 at 2.)

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**DISCUSSION**

The petition will be dismissed as premature. The fact that petitioner has not been sentenced bars his habeas petition. The statute under which he seeks relief, 28 U.S.C. § 2254, requires that an applicant be "in custody pursuant to the judgment of a State court." Because petitioner has not been sentenced, judgment has not been entered. Therefore, he is not in custody pursuant to a state court judgment. This Court lacks jurisdiction to hear his petition under section 2254 and must dismiss the petition for that reason. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

Even if he had been sentenced, the petition would be dismissed as unexhausted. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510.

Furthermore, even if the Court were to construe the petition under 28 U.S.C. § 2241, the statute under which persons can challenge a pre-judgment detention, the result would be the same. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances (such as bad faith or harassment). *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention would be appropriate here because all the elements of *Younger* are present. As to the first *Younger* element, the record demonstrates that petitioner's state court proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason petitioner cannot pursue his constitutional claims in state court. Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings. Thus, *Younger* abstention would be applicable here.

## CONCLUSION

The petition is DISMISSED without prejudice to petitioner filing a federal petition after he has exhausted his habeas claims in state court. The Clerk shall amend the docket to reflect that Carlos G. Bolanos, the Sheriff of San Mateo County, is the sole respondent in this action. Petitioner named the State of California as respondent. Bolanos is the sole

proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

The Clerk shall terminate all pending motions, and enter judgment in favor of respondent. The filing fee has been paid. (Dkt. No. 11.)

**IT IS SO ORDERED.**

**Dated:** November  8 , 2018

_____
RICHARD SEEBORG
United States District Judge